## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Southern Division)

| | |
|---|---|
| **LABORERS' DISTRICT COUNCIL PENSION AND DISABILITY TRUST FUND NO. 2;** | ) ) ) |
| **and** | ) ) |
| **LABORERS' DISTRICT COUNCIL HEALTH AND WELFARE TRUST FUND NO. 2;** | ) ) ) |
| **and** | ) ) |
| **LABORERS' JOINT TRAINING FUND OF WASHINGTON, D.C. AND VICINITY;** | ) ) ) |
| **and** | ) ) |
| **GEORGE MALONEY, as trustee,** | ) ) |
| c/o Carday Associates, Inc.<br>7130 Columbia Gateway Drive, Suite A<br>Columbia, MD  21046 | ) C.A. No.<br>) )<br>) ) |
| **Plaintiffs** | ) ) |
| **v.** | ) ) |
| **GOLD LEAF GROUP**<br>20310 Georgia Avenue<br>Brookeville, MD  20833 | ) ) )<br>) ) |
| **Defendant.** | ) ) ) ) ) ) ) ) ) |

## COMPLAINT

Now come Plaintiffs the Laborers' District Council Pension and Disability Trust Fund No. 2 (the "Pension Fund"); the Laborers' District Council Health and Welfare Trust Fund No. 2 (the "Welfare Fund"); the Laborers' Joint Training Fund of Washington, D.C. and Vicinity (the "Training Fund") (collectively, the "Plaintiff Trust Funds"); and George Maloney, Trustee, on behalf of the Plaintiff Trust Funds (collectively, "Plaintiffs"), by and through undersigned counsel, and for their Complaint against Defendant Gold Leaf Group ("Defendant"), state as follows:

<u>THE PARTIES</u>

1.      The Plaintiff Trust Funds are established and maintained pursuant to the provisions of § 302(c)(5) of the Labor Management Relations Act of 1947 (the "Taft-Hartley Act"), 29 U.S.C. § 186(c)(5).  The Pension Fund is an employee pension benefit plan within the meaning of §§ 3(2), 3(3), and 502(d)(1) of the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(2), 1002(3), and 1132(d)(1).  The Welfare Fund and the Training Fund are employee welfare benefit plans within the meaning of §§ 3(1), 3(3), and 502(d)(1) of ERISA, 29 U.S.C. §§ 1002(1), 1002(3), and 1132(d)(1).  The Plaintiff Trust Funds are multiemployer plans within the meaning of §§ 3(37)(A) and 515 of ERISA, 29 U.S.C. §§ 1002(37)(A) and 1145.

2.      Plaintiff George Maloney is a fiduciary within the meaning of §§ 3(21)(A), 502(a)(3), 502(e)(1), and 502(g)(2) of ERISA, 29 U.S.C. §§ 1002(21)(A), 1132(a)(3), 1132(e)(1), and 1132(g)(2).  He brings this action on behalf of the Plaintiff Trust Funds for which he serves as fiduciary and on behalf of said Funds' participants pursuant to § 502 of ERISA, 29 U.S.C. § 1132; and § 301(a) of the Taft-Hartley Act, 29 U.S.C. § 185(a).

3.      Defendant is an employer in an industry affecting commerce within the meaning of §§ 3(5), 3(11), and 3(12) of ERISA, 29 U.S.C. §§ 1002(5), 1002(11) and 1002(12); and §§

2(2), 2(6), 2(7), 501(1), and 501(3) of the Taft-Hartley Act, 29 U.S.C. §§ 142(1), 142(3), 152(2), 152(6), and 152(7).

JURISDICTION AND VENUE

4.      Jurisdiction and venue are conferred upon this Court under §§ 502(a)(3)(B), 502(d)(1), 502(e), and 502(f) of ERISA, 29 U.S.C. §§ 1132(a)(3)(B), 1132(d)(1), 1132(e), and 1132(f); and § 301(a) of the Labor Management Relations Act of the Taft-Hartley Act, 29 U.S.C. § 185(a).

BACKGROUND FACTS

5.      At all times relevant to this case, Defendant employs or has employed employees who are represented by the Baltimore-Washington Laborers' District Council (the "District Council") and/or a local union affiliated with said District Council.

6.      At all times relevant to this case, Defendant was a party to, and agreed to abide by, the terms of a collective bargaining agreement (the "CBA") with the District Council, a labor organization which represents and/or acts on behalf of a local union(s) which represents, for purposes of collective bargaining, certain employees of Defendant in an industry affecting interstate commerce within the meaning of §§ 2(4), (6), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(4), (6), (11), and (12), and §§ 2(4)-(7), 9(a), and 301(a) of the Taft-Hartley Act, 29 U.S.C. §§ 152(4)-(7), 159(a), and 185(a).

7.      At all times relevant herein, Defendant also was bound by the Agreements and Declarations of Trust (the "Trust Agreements") for the Plaintiff Trust Funds which, together with the CBA, obligated Defendant to file timely reports of hours worked by covered employees and to make timely contributions to the Plaintiff Trust Funds for each employee covered by said CBA.  The said Trust Agreements also provide that, upon the failure of any employer to file such reports and/or to make contributions to the Plaintiff Trust Funds in the manner and within the

time provided, there shall be amounts assessed as interest and liquidated damages in addition to the contributions due the Plaintiff Trust Funds.

8.      Despite demands by the Plaintiff Trust Funds, Defendant has failed to make the required contributions to the Plaintiff Trust Funds on behalf of its covered employees and to pay the required liquidated damages and interest for work performed by its covered employees during those months.

9.      Upon information and belief, work covered by Defendant's CBA has been performed by participants in the Plaintiff Trust Funds during the months at issue, thereby obligating Defendant to contribute to the Plaintiff Trust Funds.

10.     For those work months for which Defendant has submitted Reports to the Plaintiff Trust Funds, Defendant has failed to submit all amounts owed to the Plaintiff Trust Funds pursuant to those Reports and the terms of the CBA and/or Trust Agreements.

11.     As of May 31, 2018, Defendant owes $17,709.80 to the Pension Fund, $13,074.88 to the Welfare Fund, and $1,736.30 to the Training Fund, for a total amount owed to the Plaintiff Trust Funds of $32,520.98.

12.     The total amount known to be due and payable by Defendant to the Plaintiff Trust Funds, as described in Paragraph 11, is continuing to grow based upon the ongoing accrual of interest and liquidated damages pursuant to the terms of the CBA and/or Trust Agreements and will not be fixed until the Court enters judgment in this matter.

13.     The acts and conduct of Defendant as set forth in this Complaint violate the provisions of the CBA and the Trust Agreements for the Plaintiff Trust Funds, and enforcement of the terms of those agreements is sought in accordance with §§ 502(a)(3)(B), 502(g)(2), and

515 of ERISA, 29 U.S.C. §§ 1132(a)(3)(B), 1132(g)(2), and 1145; and § 301(a) of the Taft-Hartley Act, 29 U.S.C. § 185(a).

14.     Wherefore, Plaintiffs request relief against Defendant as detailed in the Prayer for Relief.

PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully pray that this Court:

1.     Order Defendant to pay the known amounts due, $32,520.98, to the Plaintiff Trust Funds; and

2.     Order Defendant to pay all interest and liquidated damages on these amounts which become due under the terms of the CBA and/or Trust Agreements during the course of this action; and

3.     Order Defendant to submit all outstanding Reports owed to the Plaintiff Trust Funds; and

4.     Order Defendant to pay all amounts to the Plaintiff Trust Funds which become known due as a result of any and all Reports submitted by Defendant; and

5.     Order Defendant to pay all interest and liquidated damages which become known to be due under the terms of the CBA and/or the Trust Agreements based upon Defendant's submission of Reports; and

6.     Order Defendant to pay post-judgment interest to the Plaintiff Trust Funds on all amounts awarded; and

7.     Order Defendant to pay Plaintiffs' costs and attorneys' fees, as provided for by ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2); and

8.     Order Defendant to comply in the future with its obligations to contribute to the Plaintiff Trust Funds in the manner required by its CBA and the Trust Agreements; and

9.      Award Plaintiffs such other relief as this Court deems just and proper.

Respectfully submitted,

Dated:   June 25, 2018                     */s/ Jonathan G. Rose*
                                           Jonathan G. Rose (Bar No. 15138)
                                           David M. Mohl (Bar No. 20369)
                                           Alston & Bird LLP
                                           950 F Street, N.W.
                                           Washington, DC  20004
                                           Telephone: (202) 239-3300
                                           Facsimile: (202) 239-3333
                                           jonathan.rose@alston.com
                                           david.mohl@alston.com

                                           *Attorneys for Plaintiffs*